UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY ODELL DERRICK,

    Plaintiff,

                                        CASE NO. 2:21-CV-10717
v.                                      HON. DENISE PAGE HOOD

MICHAEL J. BEALE, et al.,

    Defendants.

_____/

**OPINION AND ORDER**
**DISMISSING THE CIVIL RIGHTS COMPLAINT,**
**DENYING THE MOTION FOR A WRIT OF SUPERVISORY CONTROL**
**AND MOOTING ALL OTHER MOTIONS AND REQUESTS**

## I.  INTRODUCTION

Midland County Jail inmate and pre-trial detainee Cory Odell Derrick ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as a motion for a writ of supervisory control.  In his complaint, Plaintiff raises claims concerning his pending state criminal proceedings (e.g., failure to follow court rules, unethical behavior, withholding evidence, speedy trial violation, *Miranda* violation, legal malpractice, conspiracy, judicial bias, ineffective assistance of counsel, denial of right to be present, false evidence and perjury), racial and ethnic intimidation, and his conditions of confinement at the jail relative to Covid-19.  He names Midland County Circuit Court Judge Michael J. Beale, the Midland County

Public Defender's Office, the Midland City Police, and the Office of the Prosecuting Attorney (for Midland County) as the defendants in this action.  He sues the defendants in their individual and official capacities and seeks injunctive-type relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action.  *See* 28 U.S.C. § 1915(a)(1).  For the reasons stated herein, the Court summarily dismisses the civil rights complaint, denies the motion for a writ of supervisory control, and concludes that an appeal cannot be taken in good faith.

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57

(1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III.  DISCUSSION

#### A.  Claims against the Midland County Public Defender's Office

Plaintiff names the Midland County Public Defender's Office as a defendant in this action. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."); *Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (affirming dismissal of state prisoner's § 1983 claim against defense attorneys because they were not state actors and were not responsible for denial of appeal bond); *White v. Robertson–Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (state prisoner's allegation that public defenders failed to competently represent him failed to state a viable claim under § 1983). Consequently, Plaintiff's fails to state a claim upon which relief may be granted against the Midland County Public Defender's Office.

4

## B.  Claims against the Midland City Police and the
## Office of the Prosecuting Attorney for Midland County

Plaintiff also names the Midland City Police and the Office of the Prosecuting

Attorney as defendants in this action.  Section 1983 imposes liability upon any

"person" who violates an individual's federal constitutional or statutory rights.  It is

well-settled that governmental agencies, such as police or sheriff's departments,

prosecutor's offices, and county jails, are not legal entities subject to suit under 42

U.S.C. § 1983.  *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007)

(police department is not a proper defendant in a § 1983 case); *Rhodes v. McDannel*,

945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be sued under § 1983);

*Edward v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20,

2016) (citing cases ruling that government agencies are not legal entities amenable to

suit under § 1983); *Nichols v. County of Wayne, et al.*, No. 18-12026, 2018 WL

6505360, *1, n. 2 (E.D. Mich. Dec. 11, 2018) (citing *Anthony v. Chylinski*, 2008 WL

4239204, *2 (E.D. Mich. Sept. 11, 2008)); *Schleiger v. Gratiot Co. Prosecutor's

Office*, No. 4:11-CV-13380, 2011 WL 7006407, *2 (E.D. Mich. Nov. 30, 2011)

(report & recommendation citing cases and ruling that a county prosecutor's office is

not an entity subject to suit under § 1983), *adopted*, 2012 WL 95757 (E.D. Mich. Jan.

12, 2012); *Hancock v. Washtenaw Co. Prosecutor's Office*, 548 F. Supp. 1255, 1256

(E.D. Mich. 1982).  Plaintiff thus fails to state claims upon which relief may be

granted against the Midland City Police and the Office of the Prosecuting Attorney for Midland County.

### C.  Racial Discrimination/Ethnic Intimidation Claims

Plaintiff also raises claims of systemic racism, racial injustice, and racial inequality under the rubric of racial discrimination/ethnic intimidation.  Plaintiff, however, fails to support the claims with any factual allegations whatsoever.  He fails to describe what any of the defendants did or did not do based upon his race or ethnicity, how any such actions violated his constitutional rights, or to otherwise explain the claims with any specificity.  Conclusory allegations are insufficient to state a civil rights claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).  Plaintiff thus fails to state claims upon which relief may be granted as to such issues in his complaint.

### D.  Covid-19 & Accommodations/Medical Care Claims

Plaintiff also alleges that he is not being sufficiently protected from Covid-19 and not being provided proper accommodations/medical care while confined at the Midland County Jail.  Plaintiff, however, fails to name as defendants any individuals who are  responsible for the conditions of his confinement at the jail in his complaint.  Moreover, he (along with other inmates) currently has a case pending before another

judge in this district involving such matters. *See Scouten, et al. v. Midland Co. Jail, et al.*, No. 20-11708 (E.D. Mich.) (Borman, J.).   A federal court may exercise its discretion to dismiss a duplicative suit. *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).   Dismissal of a second, duplicative suit is a "'common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)).   The Court therefore dismisses such claims without prejudice to Plaintiff's rights in the previously-filed case.

### E.  Criminal Proceedings Claims

The majority of Plaintiff's complaint involves claims challenging his ongoing state criminal prosecution.   A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement.   *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question

by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

The United States Court of Appeals for the Sixth Circuit has ruled that *Heck* applies to civil rights actions filed by pretrial detainees. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing cases); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (*Heck* applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x 348, 350 (6th Cir. 2003) (pre-trial detainee's speedy trial and ineffective assistance claims barred by *Heck*); *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001) (pre-trial detainee's civil rights claim barred by *Heck*). The United States Supreme Court, however, has since ruled that such claims should be stayed pending the outcome of the criminal case. The Supreme Court explained:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citations omitted).

Because Plaintiff is a pretrial detainee who has pending state criminal proceedings stemming from his allegations, the Court would ordinarily stay this portion of the civil rights case until completion of his state criminal case. The Court, however, declines to do so here because the only remaining defendant is Judge Michael J. Beale, who is (and will be) entitled to absolute judicial immunity and Eleventh Amendment immunity in any such future action. *See* discussion *infra*.[1]

Additionally and/or alternatively, Plaintiff's complaint, which only seeks injunctive relief (such as holding parties accountable for state rule violations, change of venue, disqualification of Judge Beale, effective assistance of counsel, resolution of state court motions), is subject to dismissal under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state

---

[1] The Court also notes that most of Plaintiff's allegations challenging his ongoing state criminal proceedings are conclusory. As discussed *supra*, conclusory allegations are insufficient to state a civil rights claim under § 1983.

criminal prosecutions. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989).  The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

"To abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)).  "[A]bsent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger*, 401 U.S. at 53-54).

All three requirements are met here.  First, Plaintiff's state criminal prosecution

is pending in the Midland County Circuit Court.  *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013).   Second, state criminal proceedings clearly involve important state interests.  *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50.   Third, Plaintiff's state court criminal proceedings provide an adequate opportunity to raise constitutional challenges and Plaintiff fails to allege sufficient facts which indicate that he is or will be unable to raise constitutional claims in the state courts.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995).  Lastly, Plaintiff's allegations of bad faith, harassment, and bias are conclusory and unsubstantiated.  Abstention is therefore appropriate.

### F.  Absolute Judicial Immunity

Furthermore, the only remaining defendant in this case, Judge Beale, is entitled to absolute judicial immunity.  Judges and judicial employees are entitled to absolute judicial immunity on claims for monetary damages.  *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess

11

of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction.").   Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).

In this case, Plaintiff's challenges to his state criminal proceedings involve the performance of Judge Beale's judicial duties and he alleges no facts which show that Judge Beale acted in the complete absence of jurisdiction or that a declaratory decree was violated or is unavailable.   Judge Beale is thus entitled to absolute judicial immunity.

### G.  Eleventh Amendment Immunity

Lastly, Judge Beale is also entitled to sovereign immunity.  The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Department of Treas., State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (citing *Thiokol*).  The Eleventh Amendment does not preclude suits against state defendants for prospective injunctive relief.  *See Carten v. Kent State Univ.*, 281 F.3d 391, 397 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also McCormick*, 693 F.3d at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

"The State of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did

not abrogate Eleventh Amendment immunity when it passed § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Additionally, Eleventh Amendment applies to state employees, such as state court judges, who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Judge Beale is thus entitled to Eleventh Amendment immunity on all claims for relief other than prospective injunctive relief.

With regard to prospective injunctive relief and Plaintiff's state criminal proceedings, such relief would not be available to Plaintiff from Judge Beale following the completion of the state criminal proceedings. Should Plaintiff be convicted, *Heck, supra*, will preclude his claims unless his convictions are overturned or invalidated. Should Plaintiff be acquitted, have his criminal case dismissed, or have his convictions overturned or otherwise invalidated, there would be no

prospective injunctive relief available to him at that time – the only relief that would be available would be monetary damages or other retrospective relief – and Judge Beale is immune from such relief.  Plaintiff's complaint must therefore be dismissed.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his civil rights complaint, that his COVID-19 and accommodations/medical care claims (if they had been brought against a proper defendant) are duplicative, and that Judge Beale is entitled to immunity.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.[2]  Given this determination, the Court also **DENIES** Plaintiff's motion for a writ of supervisory control (ECF No. 4) and **DENIES as MOOT** any requests set forth in any of Plaintiff's various letters and affidavits and the following motions and requests:  Motion for Medical Bond (ECF No. 13); Motion to Dismiss (ECF No. 14); Motion to Subpoena all Transcripts, Records, Emails and Files Regarding Erika Cross and Midland County Prosecutor's Office (ECF No. 15); Motion for Original Documents Entered in 21-10717, for court order to subpoena and screen all documents, for a replevin bond, and to compel answer as to why a writ of

---

[2]This dismissal is without prejudice to Plaintiff's civil rights or habeas action challenging Plaintiff's state criminal proceedings brought against proper defendants when such claims are appropriate for review in federal court.

habeas corpus was not answered (ECF No. 16); Motion for Order Regarding Pandemic Relief Funds (ECF No. 17); Request for Investigation (ECF No. 18); Motion to Dismiss (ECF No. 21); and, Motion to Subpoena Court Transcript, to compel all defendants to answer, etc. (ECF No. 28).

Lastly, the Court concludes that an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2021